Glenn Solomon #833287
1001 SW Fifth Avenue #1414
Portland, Oregon 97204
(503) 241-3508
glensol@aol.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOPE K. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| v. | ) COMPLAINT FOR WAGES |
| | ) DUE AND OWING |
| HOSPICE CARE OF THE | ) |
| NORTHWEST, an Oregon | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

Plaintiff alleges as follows:

1. This is an action for wages due and owing in which the plaintiff, (Phillips) alleges that she was not paid overtime wages in violation of section 7of the Fair Labor Standards Act, 29 USC 201 *et seq,* (the FLSA) and that she was not paid all the wages that she was due within five days of the termination of her employment in violation of ORS 652.140. The plaintiff seek back pay, liquidated damages, penalties and attorney fees.

2. This court has jurisdiction pursuant to 29 USC 201 *et seq* and 28 USC 1331.

1. CONPLAINT

3. Venue is proper under 28 USC 1391(b)(ii) as the defendant (HCN), transacts business in this district, and Phillips was employed in this district.

Parties

4. Phillips is an adult female citizen. She was employed by HCN in Portland, Oregon as a Receptionist/Administrative Assistant from September of 2010 to July of 2012.

5. HCN is a domestic corporation with its principal place of business in Portland, Oregon. It owns and manages hospice centers. It operates facilities in Portland and Salem Oregon. It is owned in turn by Harbor Light Hospice, which is a foreign corporation, with its principal place of business in Illinois, which operates hospice centers in several states.

Facts

6. As a Receptionist/Administrative Assistant, Phillips was non-exempt under section 13(a)(1) of the FLSA. She had no supervisory or management responsibilities and no professional qualifications. Her work did not require a high level of skill or the exercise of independent judgment.

7. Phillips kept records of her time. Her records show that she frequently work in excess of forty hours per week, yet she was not paid for any work in excess of forty hours per week. Instead she was paid at a rate of $13.00 per hour for up to 40 hours per week no matter how much over time she worked.

8. HCN required Phillips to deduct time from her time cards for breaks and lunches even when she was required not to take breaks and lunches.

9. Phillips was not paid for all the time that she worked, since the inception

2.  COMPLAINT

of her employment.  HCN paid the Phillips an arbitrary amount without regard to the time actually expended on the job.

10.  Phillips was frequently required to work in excess forty hours per week.  Her records for each pay period, for the period from September of 2010 to July of 2010 show that Phillips worked approximately 432.5 hours of overtime with no compensation.

11.  The FLSA requires HCN to pay its non-exempt employees at a rate of at least one and one half times their regular rate of pay for time worked in one work week over forty hours.

12.  HCN willingly, deliberately and intentionally refused to pay Phillips overtime.  Instead, HCN wrongly deducted time from Phillips time cards.

13.  Phillips submitted a written demand for payment of her overtime wages more than 12 days before filing this Complaint.

14.  Phillips quit her employment with HCN in July of 2012, and has not been paid the over time wages due and owing as of the filing of this Complaint.

First Claim

(Unpaid Overtime, FLSA)

13.  Phillips re-alleges paragraphs 1 – 12.

14.  Phillips is owed $8,433 in unpaid overtime wages.

Second Claim

(Failure to Pay within 5 Calendar Days)

3.  COMPLAINT

15.  HCN failed to pay Phillips all the wages that she was due within 5 days of the termination of her employment.  ORS 652.140(c).

WHEREFORE, The Kellers pray for judgment against Cal-Am as follows:

1.  For $8,433 in unpaid overtime wages, plus interest;

2.  For $8,433 in liquidated damages, as allowed under 29 USC 216 for willful conduct;

3.  For $8,433 as a penalty for failure to pay Phillips within the time required by state law and for failure to pay Phillips within 12 after having received a written demand for payment.  ORS 652.150(2).

4.  For reasonable attorney fees;

5.  For the costs and disbursements of this action;

6.  For whatever other relief the court deems necessary and proper.


Respectfully submitted by:


                                        */s/Glenn Solomon*
                                        Glenn Solomon
                                        Attorney for Plaintiffs


4.  COMPLAINT

Case 3:13-cv-01401-HA    Document 1    Filed 08/12/13    Page 5 of 5